IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Benjanell Butler Jr.,                                         Case No. 3:15CV395

         Plaintiff

         v.                                                    **AMENDED ORDER**

Toledo Correctional Institution
Medical Department, et al.,

         Defendant

         This is a pro se civil rights suit under 42 U.S.C. § 1983.

         The plaintiff, Benjanell Butler, is an inmate at the Toledo Correctional Institution, having previously been convicted of rape, kidnapping, and abduction. *State v. Butler*, 2010-Ohio-178 (Ohio App.) (affirming convictions); *Butler v. Sheldon*, 2014 WL 584747 (N.D. Ohio) (Helmick, J.) (denying habeas relief).

         Butler's complaint alleges he has suffered, "for some time," from degenerative disc disease, an affliction causing nerve damage in his neck, back, and arms. (Doc. 1 at 3).

         Although Butler is, according to the complaint, "currently receiving treatment at the infirmary," the prison's medical staff discontinued Butler's prescription for pain medicine in October or November, 2014, and postponed a scheduled procedure, the nature of which is unclear from the complaint.

         When Butler asked the staff to explain these changes, they responded, "Because of budget cuts[.]" (*Id.* at 4).

The case comes before me for review in accordance with 28 U.S.C. § 1915(e)(2), which requires me to dismiss the complaint if it is frivolous, malicious, or fails to state a claim on which relief may be granted.

To survive this initial review, Butler's complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "This standard demands that the factual allegations raise a right to relief above the speculative level and nudge the claims across the line from conceivable to plausible." *Erie Cnty. v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012).

Because Butler is proceeding pro se, I construe his complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under § 1983, the complaint must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Here, Butler's complaint satisfies the second component of a § 1983 claim, as the defendants are, so far as appears from the complaint, all employees of a state prison. The closer question is whether the complaint plausibly alleges the deprivation of a constitutional right.

Butler's allegations implicate the rule that prison officials may not be deliberately indifferent to inmates' serious medical needs. *Farmer v. Brennan*, 511 U.S. 825 (1994).

To state a deliberate-indifference claim, a prisoner must allege: 1) he has "serious" medical needs (the so-called "objective" component); and 2) the prison officials were "deliberately indifferent" to those needs (the "subjective" component). *Id.* at 834. A prison official is deliberately

indifferent if he "possessed a sufficiently culpable state of mind in denying medical care." *Kindl v. City of Berkley*, --- F.3d ----, 2015 WL 4899417, *4 (6th Cir. 2015). This means that the official "actually drew [an] inference that there was substantial risk of harm" in denying the prisoner treatment, but nevertheless persisted in doing so. *Farmer*, *supra*, 511 U.S. at 837.

Here, Butler's allegations satisfy the objective, "serious medical needs" component: he alleges he has been suffering from degenerative disc disease for some time, and as a result has nerve damage in several parts of his body. *Cf. Walker v. Kilaru*, 2015 WL 898023, *5 (E.D. Mich.) (defendants conceded plaintiff's degenerative disc disease was a serious medical condition); *Wilkey v. Adams*, 2008 WL 2743939, *6 (W.D. Ky.) (inmate stated claim for "deliberate indifference to his serious medical needs with regard to his degenerative disc disease").

The complaint also comes close to satisfying the subjective component.

Taken as true and viewed in the light most favorable to Butler, the complaint establishes the prison's medical staff refused treatment or delayed or altered his treatment program "[b]ecause of budget cuts." (Doc. 1 at 4).

That allegation is, at the very least, consistent with a finding the defendants acted, not based on their medical training and expertise, but solely with regard to budget constraints. In other words, they may have let their concern for the State's fisc – rather than their appreciation of Butler's ailments, and what treatment was necessary to resolve them – guide their decision-making.

Such an allegation goes a long way toward pleading a deliberate-indifference claim.

However, the complaint currently lacks sufficient detail for me to conclude Butler has stated a plausible claim. Key information that is missing includes: 1) the nature of the medication prison staff discontinued, and the effect of such discontinuation on Butler; 2) the nature of the procedure

that the medical staff postponed; and 3) the outcome, if any, of the staff's requests for approval to administer certain treatments, to which Butler alludes on page 4 of his complaint.

For these reasons, I will not dismiss the complaint.

Rather, I will order Butler to file an amended complaint no later than December 15, 2015. Butler should include, to the extent he is able to do so, any additional facts relevant to his claim that he did not include in his current complaint.

If Butler fails to file an amended complaint by December 1, however, I will dismiss his complaint for failure to state a claim, as § 1915(e) requires, and for failure to prosecute this lawsuit.

It is, therefore

ORDERED THAT: Butler must file an amended complaint no later than December 30, 2015. If Butler fails to do so, I will dismiss his complaint for failure to state a claim on which relief may be granted and for failure to prosecute.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge